1  JOSHUA D. KIENITZ, Bar No. 244903
   jkienitz@littler.com
2  LITTLER MENDELSON, P.C.
   Treat Towers
3  1255 Treat Boulevard
   Suite 600
4  Walnut Creek, California 94597
   Telephone:  925.932.2468
5  Fax No.:    925.946.9809

6  HEATHER LANYI, Bar No. 341790
   hlanyi@littler.com
7  HARMAN DEOL, Bar No. 346547
   hdeol@littler.com
8  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
9  San Francisco, CA 94104
   Telephone:  415.433.1940
10 Fax No.:    415.399.8490

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEELAH FATIMAH SCOTT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[San Francisco Court Case No. CGC-23-604634] |

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**TABLE OF CONTENTS**

PAGE

I.   PROCEDURAL BACKGROUND ................................................................................. 1

II.  REMOVAL JURISDICTION ....................................................................................... 2

III. REMOVAL PROCEDURE .......................................................................................... 2

   A.  Venue Is Proper in This District ......................................................................... 2

   B.  This Removal Is Timely Made Within Thirty Days of Service of the
       Complaint ........................................................................................................... 3

   C.  The Parties ......................................................................................................... 3

IV.  FACTUAL BACKGROUND ....................................................................................... 3

   A.  Plaintiff's Employment ...................................................................................... 3

   B.  Relevant Collective Bargaining Agreement Provisions .................................... 4

       1.  Wage Rates and Overtime ...................................................................... 4

V.   LEGAL DISCUSSION ................................................................................................. 7

   A.  The Section 301 Preemption Analysis – Legal Standard .................................. 8

   B.  Plaintiff's Second Cause Of Action (Overtime) Is Preempted Under Curtis
       Step One ............................................................................................................. 9

   C.  Plaintiff's Third Cause Of Action (Meal Breaks) Is Preempted Under
       Curtis Step One ................................................................................................ 10

   D.  Plaintiff's First Cause Of Action (Minimum Wages) Is Preempted Under
       Curtis Step One ................................................................................................ 12

   E.  Plaintiff's Derivative Waiting Time Penalty And UCL Claims (Fifth And
       Sixth Causes Of Action) Are Preempted Under Curtis Step One ................... 13

   F.  The Court Has Supplemental Jurisdiction Over Plaintiff's Fourth Cause Of
       Action (Rest Breaks) ........................................................................................ 13

VI.  CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
   471 U.S. 202 (1985) .................................................................................................................. 8

*Araquistain v. Pacific Gas & Electric Co.*,
   229 Cal. App. 4th 227 (2014) .................................................................................................. 11

*Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*,
   109 F.3d 1353 (9th Cir. 1997) .................................................................................................. 8

*Ayon v. Zero Waste Sols., Inc*,
   2021 WL 4065716 (E.D. Cal. Sept. 7, 2021) ............................................................................ 9

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*,
   2022 U.S. Dist. LEXIS 42113 (C.D. Cal. Mar. 8, 2022) ........................................................ 10

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987) .................................................................................................................. 8

*Chavez v. Smurfit Kappa N. Am. LLC*,
   2018 WL 8642837 (C.D. Cal Oct 17, 2018) ........................................................................... 12

*Coria v. Recology, Inc.*,
   63 F. Supp. 3d 1093 (N.D. Cal. 2014) .................................................................................... 11

*Curtis v. Irwin Indus., Inc.*,
   913 F.3d 1146 (9th Cir. 2019) .......................................................................................... *passim*

*Franchise Tax Board v. Construction Laborers*,
   463 U.S. 1 (1983) ...................................................................................................................... 8

*Gay v. Pac Steel Grp*,
   2021 WL 2917095 (N.D. Cal Jun. 15, 2021) .......................................................................... 13

*Giles v. Canus Corp.*,
   2022 WL 3370793 (N.D. Cal. Aug. 16, 2022) ...................................................................*passim*

*Hall v. Live Nation Worldwide, Inc.*,
   146 F. Supp. 3d 1187 (C.D. Cal. 2015) .................................................................................. 10

*Jimenez v. Young's Mkt. Co.*,
   2021 WL 5999082 (N.D. Cal. Dec. 20, 2021) ................................................................... 13, 14

# TABLE OF CONTENTS
(CONTINUED)

**PAGE**

*Lingle v. Norge Div. of Magic Chef*,
   486 U.S. 399 (1988) .................................................................................................. 8

*Mellon v. Universal City Studios, LLC*,
   __ F. Supp. 3d __, 2022 WL 4021692 (C.D. Cal. Sep. 2, 2022) ........................ 9, 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) .................................................................................................. 3

*Radcliff v. San Diego Gas & Elec. Co.*,
   519 F. Supp. 3d 743 (S.D. Cal. 2021) ....................................................................... 9

*Rodriguez v. Gonsalves & Santucci, Inc.*,
   2022 WL 161892 (N.D. Cal. Jan. 18, 2022) ........................................ 10, 11, 12, 13

*Teamsters v. Lucas Flour Co.*,
   369 U.S. 95 (1962) .................................................................................................... 8

*United Steelworkers of America v. Rawson*,
   495 U.S. 362 (1990) .................................................................................................. 8

*Vasquez v. Packaging Corp. of Am.*,
   2019 WL 4543106 (C.D. Cal. Jun. 7, 2019) ........................................................... 13

*Vranish v. Exxon Mobil Corp.*,
   223 Cal. App. 4th 103 (2014) ................................................................................. 10

**Statutes**

28 U.S.C. § 84 .................................................................................................................. 2

28 U.S.C. § 1331 .............................................................................................................. 1

28 U.S.C. § 1367 .............................................................................................................. 2

28 U.S.C. § 1391 .............................................................................................................. 2

28 U.S.C. § 1441 ........................................................................................................... 1, 2

28 U.S.C. § 1446 ........................................................................................................... 1, 3

29 U.S.C. § 152 ................................................................................................................ 3

29 U.S.C. § 185 ....................................................................................................... *passim*

Cal. Bus. & Prof. Code § 17200 ...................................................................................... 1

FIRM NAME
Attorneys at Law
Office Address

# TABLE OF CONTENTS
(CONTINUED)

**PAGE**

Cal. Lab. Code § 201 .................................................................................................... 1, 13

Cal. Lab. Code § 202 ....................................................................................................... 13

Cal. Lab. Code § 203 .................................................................................................... 7, 13

Cal. Lab. Code § 226 .......................................................................................................... 1

Cal. Lab. Code § 510 .................................................................................................... 1, 10

Cal. Lab. Code § 512 ................................................................................................*passim*

Cal. Lab. Code § 514 ......................................................................................... 2, 9, 10, 11

Cal. Lab. Code § 1194 ....................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................................... 2

Fed. R. Civ. P. 81 ............................................................................................................... 2

FIRM NAME
Attorneys at Law
Office Address

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JAMEELAH FATIMAH SCOTT AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant PACIFIC GAS AND ELECTRIC COMPANY, AND DOES 1-20 ("Defendant" or "PG&E"), contemporaneously with the filing of this Notice, are effecting the removal of the above-referenced action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Removal is proper based on 29 U.S.C. § 185(a). This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the San Francisco Superior Court.

## I.   PROCEDURAL BACKGROUND

On February 10, 2023, Plaintiff Jameelah Fatimah Scott ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Francisco, which is captioned as follows: <u>Jameelah Fatimah Scott, individually, and on behalf of others similarly situated, v. Pacific Gas and Electric Company, A California Corporation, and Does 1 through 20, inclusive,</u> Case No. CGC-23-604634. ("Complaint" or "Compl.") The Complaint contains six (6) causes of action, alleging: (1) Recovery of Unpaid Minimum Wages (Cal. Lab. Code §§ 1194, and 1194.2); (2) Recovery of Unpaid Overtime Wages (Cal. Lab. Code §§ 510 and 1194); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (4) Failure to Provide Rest Breaks (Cal. Lab. Code § 226.7); (5) Waiting Time Penalties (Cal. Lab. Code § 201, *et seq.*); and (6) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

True and correct copies of the Summons, Complaint, and Proof(s) of Service are attached to the supporting Declaration of Joshua D. Kienitz ["Kienitz Decl."] as **Exhibit 1**. All other filings, orders and/or papers in the superior court action, to Defendant's knowledge, are attached to Kienitz Decl. as **Exhibit 2**.

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    On March 13, 2023, Plaintiff's counsel agreed to a 15-day extension for Defendant to respond to Plaintiff's Complaint. (Kienitz Decl., **Exhibit 3**.) As its responsive pleading, and subject to meet and confer discussions with Plaintiff's counsel that may eliminate the need for such a motion, Defendant intends to file a motion to dismiss under Rule 12(b)(6), within the timeline resulting from Fed. R. Civ. P. 81(c)(2)(C) and the above-referenced 15-day extension.

As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint, to Defendant's knowledge.

## II.  REMOVAL JURISDICTION

This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter, "Section 301").

Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under a collective bargaining agreement ("CBA"), because of the application of two express CBA exemptions in California Labor Code Sections 512(e) and 514. Section 301 also applies because Plaintiff asserts she is entitled to relief which is controlled by the CBA and makes claims the resolution of which require interpretation of the CBA.

If any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint are sufficiently related to form part of the same case or controversy.

## III.  REMOVAL PROCEDURE

### A.  Venue Is Proper in This District.

Plaintiff filed this action in the Superior Court of California, County of San Francisco. Therefore, pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a), venue properly lies in the United States District Court for the Northern District of California.

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2                                   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**B.     This Removal Is Timely Made Within Thirty Days of Service of the Complaint.**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Defendant filed it within thirty (30) days after the service of the Summons and Complaint filed in the State Court Action. Service occurred on February 28, 2023. (Kienitz Decl., Exhibit 1.) This Notice of Removal is timely filed within thirty (30) days thereafter. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) (holding removal period is triggered by completed service of process).

**C.     The Parties**

PG&E is a company engaged in an industry affecting commerce within the meaning of the National Labor Relations Act (the "NLRA"). 29 U.S.C. §§ 152(2), (6), (7), and 185(a). The International Brotherhood of Electrical Workers, Local 1245 ("IBEW" or the "Union") is a labor organization under the NLRA and LMRA. 29 U.S.C. §§ 152(5) and 185(a). PG&E and IBEW, at all relevant times, have been parties to a collective bargaining agreement ("CBA"). A true and correct copy of the CBA in effect during Plaintiff's employment, and applicable to Plaintiff's employment, along with the agreements to extend the CBA through 2025, are attached to the Ledbetter declaration ("Ledbetter Decl.") as **Exhibit 4**. *See also* Defendant's Request for Judicial Notice [RJN] at ¶ 1.

At all relevant times during her employment with PG&E, Plaintiff was a union–represented employee and part of the bargaining unit represented by the Union and, therefore, subject to the CBA. (Ledbetter Decl., at ¶¶ 3,4).

**IV.    FACTUAL BACKGROUND**

**A.     Plaintiff's Employment**

PG&E employed Plaintiff as a W&R Dispatcher – Electric from January 2011 to February 29, 2020.[1] (Compl., ¶ 13.) In this position, she was classified within the IBEW-represented Physical Unit and her employment was governed by the CBA. (Ledbetter Decl., ¶ 4.) In her role as W&R Dispatcher – Electric, Plaintiff's base wage in 2020 under the CBA was $54.71. (*Id.* at ¶

---

[1] Prior to 2011, Plaintiff was employed as Service Representative and a member of the IBEW Clerical unit.

4861-9901-9011.1 / 101443-1152

3                                    DEFENDANT'S NOTICE OF REMOVAL OF ACTION

5.)  In 2019, Plaintiff's base wage rate under the CBA was $53.12.  *Id.*

**B.     Relevant Collective Bargaining Agreement Provisions**

The term of the CBA in effect during Plaintiff's employment was January 1, 2016 to December 31, 2021.  (Ledbetter Decl., at ¶ 3.)  The provisions of the CBA relevant to this Removal include the following:

**1.     Wage Rates and Overtime**

> **TITLE 6. WAGES, Section 6.1** Attached hereto, made a part hereof, and marked Exhibit X, is a schedule of wage rates applicable to employees described in Section 2.1.

(*Id.* at **Exhibit 4**, CBA p. 5 at § 6.1.)

> **TITLE 204. WAGES AND CLASSIFICATIONS, Section 204.1 PAYDAY**
>
> (a) Wages shall be paid at biweekly intervals on Fridays for a two weeks' payroll period ending not less than four nor more than ten days prior to the pay date, provided that if the regular pay date falls on a holiday payment shall be made on the preceding workday.

(*Id.* at **Exhibit 4**, CBA p. 55 at § 204.1.)

> **TITLE 208. OVERTIME, Section 208.1 DEFINITION**
> Overtime is defined as (a) time worked in excess of 40 hours in a workweek, (b) time worked in excess of eight hours on a workday, (c) time worked on a non-workday, (d) time worked on a holiday as provided for in Title 103, and (e) time worked outside of regular work hours on a workday. Company shall not be required to pay overtime compensation more than once for any single period of time worked. Overtime shall be cumulated each day and shall be compensated to the one-quarter hour.

(*Id.* at **Exhibit 4**, CBA pp. 75-76 at § 208.1.)

> **TITLE 208. OVERTIME, Section 208.2 RATE AND DOUBLE TIME**
>
> (a) In general, overtime compensation at the rate of one and one-half times the straight rate of pay shall be paid to employees for overtime as defined in Items (a), (b), (c), (d) and (e) of Section 208.1; except that
>
> (b) the time worked in excess of 12 consecutive hours and continuing until the employee is dismissed from such work shall be paid at the rate of two times the employee's straight rate of pay, or
>
> (c) if, following an employee's dismissal from work or on an employee's non-workday or holiday which the employee is scheduled to have off, the employee is called out for work, the

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

employee shall be paid at two times the employee's straight rate of pay for all work performed outside the employee's regular work hours or on a non-workday or holiday which the employee is scheduled to have off. (Amended 1-1-88)

(d) The time worked in excess of eight hours on the employee's second of two scheduled days off counting from the first day of the basic workweek shall be paid at the rate of two times the employee's straight rate of pay provided such employee has performed work on the first scheduled day off. Employees scheduled to have four consecutive days shall be entitled, in addition to the above, to pay at the rate of two times the employee's straight rate of pay for the time worked in excess of eight hours on the fourth scheduled day off, provided that such employee has also performed work on the third scheduled day off. For employees on an alternative work schedule: If an employee performs work on any non-workday, the employee will receive double time after eight hours worked on the next day, provided that day is also a non-workday. Double-time after eight hours worked will continue until such time as the employee performs no work on a non-workday or a regular workday occurs. See examples in Letter Agreement 04-10. (Amended 7-25-12)

(e) For purposes of this Section, an employee's 'regular hours of work' shall be the same on a non-workday as those regularly scheduled for such employee on a workday.

(*Id.* at **Exhibit 4**, CBA p. 76 at § 208.2.)

**EXHIBIT IV. CLASSIFICATION OF SERVICE EMPLOYEES**
[Indicating Work and Resource Dispatcher – Electric is classified as a Service Employee in the Electric Department]

(*Id.* at **Exhibit 4**, CBA p. 120.)

**EXHIBIT X – WAGES**

| SAP Job Code | Pay Scale Code | Classification | Progression | 1/1/2017 | 1/1/2018 | 1/1/2019 |
|---|---|---|---|---|---|---|
| 50442771 | 1765 | W&R Dispatcher-in-Training - Electric | | $ 38.63 | $ 39.89 | $ 41.19 |
| 50442772 | 1763 | W&R Dispatcher - Electric | Start | $ 41.62 | $ 42.97 | $ 44.37 |
| 50442774 | 1764 | W&R Relief Dispatcher - Electric | End 6 Mo | $ 42.54 | $ 43.92 | $ 45.35 |
| | | | End 1 Yr | $ 46.03 | $ 47.53 | $ 49.07 |
| | | | End 18 Mo | $ 49.83 | $ 51.45 | $ 53.12 |

Relief: The rate of W&R Dispatcher - Electric plus $5.00 per week plus 8 times the Sunday premium

(*Id.* at **Exhibit 4**, CBA p. 170.)

4853-7949-9609.1 / 101443-1152

5   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**EXHIBIT X – WAGES**
Effective January 1, 2020 through December 31, 2021

| SAP Job Code | Pay Scale Code | Classification | Progression | 1/1/2020 | 1/1/2021 |
|---|---|---|---|---|---|
| 50442771 | 1765 | W&R Dispatcher-in-Training - Electric | | $ 42.43 | $ 43.70 |
| 50442772 | 1763 | W&R Dispatcher - Electric | Start | $ 45.70 | $ 47.07 |
| 50442774 | 1764 | W&R Relief Dispatcher - Electric | End 6 Mo | $ 46.71 | $ 48.11 |
| | | | End 1 Yr | $ 50.54 | $ 52.06 |
| | | | End 18 Mo | $ 54.71 | $ 56.35 |

Relief: The rate of W&R Dispatcher - Electric plus $5.00 per week plus 8 times the Sunday premium

(*Id.* at ***Exhibit 4***, Updated Exhibit X 2020, Basic Wage Schedule p. 6)

**LETTER AGREEMENT NO. 18-09-PGE** [T]he parties have agreed to a general wage increase ("GWI") of 3% for each of the extension years (2020 and 2021). The 3% GWI will be applied on January 1, 2020, and January 1, 2021.

(*Id.* at ***Exhibit 4***, Letter Agreement No. 18-09 PFE p. 1)

**2. Meal Periods**

**TITLE 202. HOURS, Section 202.4 HOURS– GENERAL RULE** In general, and except as otherwise provided herein, the regular hours of work shall be from 8 a.m. to 12 o'clock noon and from 12:30 p.m. to 4:30 p.m., or from 8 a.m. to 12 o'clock noon and from 1 p.m. to 5 p.m.; provided, however, that the regular lunch period may be advanced or delayed one hour or less for any of the [enumerated] reasons, … (e) when prearranged or emergency overtime work starting after 6:00 a.m. and before 7:00 a.m. results in advancing the lunch period to provide for the meal to be eaten no more than five hours after work began. A change in lunch period for any of the foregoing reasons shall not be deemed to require the payment of overtime except that if the regular lunch period is advanced or delayed for more than one hour for any of the reasons herein listed (a), (b), and (c), the employees involved shall be paid at the overtime rate for work performed in the regular lunch period and may eat their lunch on Company time. (Amended 1-1-88)

(*Id.* at ***Exhibit 4***, CBA pp. 48-49 at § 202.4.)

**3. Grievance and Arbitration**

**TITLE 102. GRIEVANCE PROCEDURE, Section 102.1 STATEMENT OF INTENT – NOTICE** … It is the intent of both Company and Union that the processing of disputes through the grievance procedure will give meaning and content to the Collective Bargaining Agreement.

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

> The parties are in agreement with the policy expressed in the body of our nation's labor laws that the mutual resolution of disputes through a collectively bargained grievance procedure is the hallmark of competent industrial self-government. Therefore, apart from those matters that the parties have specifically excluded by way of Section 102.2, all disagreements shall be resolved within the scope of the grievance procedure.

(*Id.* at **Exhibit 4**, CBA p. 12 at § 102.1.)

> **TITLE 102. GRIEVANCE PROCEDURE, Section 102.2 GRIEVANCE SUBJECTS** Disputes involving the following enumerated subjects shall be determined by the grievance procedures established herein:
>
> (a) Interpretation or application of any of the terms of this Agreement, including exhibits thereto, letters of agreement, and formal interpretations and clarifications executed by Company and Union.
>
> (b) Discharge, demotion, suspension or discipline of an individual employee.
>
> (c) Disputes as to whether a matter is proper subject for the grievance procedure.

(*Id.* at **Exhibit 4**, CBA p. 12 at § 102.2.)

This is a non-exhaustive list of the CBA provisions that create and/or govern the rights and privileges that Plaintiff has placed at issue in the Complaint.

## V.   LEGAL DISCUSSION

Plaintiff pleads six causes of action, all styled as state law claims involving violations of wage and hour provisions of the California Labor Code, IWC Wage Orders, and Unfair Competition Law ("UCL"). Plaintiff's overtime and meal break claims are preempted under Section 301 because such claims are necessarily contractual claims under the CBA; California state law does not apply to such claims because of an express exemption in the Labor Code. Plaintiff's derivative claims (for waiting time penalties under Labor Code Section 203 and restitution under the UCL), are preempted under Section 301 because such claims rise or fall based on the underlying substantive (and preempted) overtime and meal break claims. With regard to Plaintiff's minimum wage claim: (i) this claim is also preempted by Section 301 because the resolution of such claims requires interpretation of the CBA; or, in the alternative, (ii) the Court has supplemental jurisdiction over these claims, which form part of the same case or controversy as Plaintiff's preempted claims.

4853-7949-9609.1 / 101443-1152

7     DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Thus, this action is preempted by Section 301, notwithstanding that the Complaint does not mention the CBA.

### A. The Section 301 Preemption Analysis – Legal Standard

Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements").

Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). This Court has subject matter jurisdiction over—and thus a defendant may properly remove—any ostensible state law claim preempted by Section 301. *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 24 (1983); *Allis-Chalmers Corp.*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim ... or dismissed").

<u>Step One</u>. Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (internal citations and quotations omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available CBA exemption – such that there exists no valid underlying state law claim – the Section 301 preemption inquiry is resolved at this first step. This is because, in the case of a state law meal break claim (for example), if Labor Code Section 512(a) does not apply (due to the application of the Labor Code

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Section 512(e)-(g) CBA exemption), any pleaded meal break claim is necessarily a contractual claim. *See, e.g., Giles v. Canus Corp.*, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022) (applying *Curtis*).

Step Two.  If, and only if, there is no preemption found at the first step of the analysis, courts proceed to the second step of the Section 301 preemption analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, where there is no applicable CBA exemption, Section 301 preemption still applies if the resolution of a plaintiff's minimum wage claim (for example) requires interpretation of the CBA. *See Mellon v. Universal City Studios, LLC*, __ F. Supp. 3d __, 2022 WL 4021692, at *5 (C.D. Cal. Sep. 2, 2022) (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks through Article 27."); *Giles, supra,* 2022 WL 3370793, *6 (holding minimum wage claim preempted because resolving that claim would require an interpretation of terms "actual time worked" and "show-up pay" as used in the CBA).

Notably, whether Plaintiff's operative pleading mentions the CBA is not relevant to the Section 301 preemption analysis. *Curtis*, 913 F.3d at 1152; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021); *Mellon*, 2022 WL 4021692, *2; *Ayon v. Zero Waste Sols., Inc*, 2021 WL 4065716, *3 (E.D. Cal. Sept. 7, 2021).

### B. Plaintiff's Second Cause Of Action (Overtime) Is Preempted Under *Curtis* Step One.

In Plaintiff's Second Cause of Action, Plaintiff asserts that "Plaintiff and the Class Members regularly worked overtime hours for which they were not compensated by Defendants as required by California law …" (Compl., ¶ 40.) However, Plaintiff has no valid state law overtime claim because the Labor Code Section 514 exemption applies. Section 514 provides an overtime exemption where "an employee [is] covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state

minimum wage."

First, the CBA provides for a range of wages, hours, and working conditions. (*See* provisions quoted in Sections IV.B.1, IV.B.2, *supra*.)

Second, the CBA provides premium wage rates for all overtime hours worked. (*See* CBA Title 208.1 and 208.2.)

Third, the CBA provides hourly rates of pay well in excess of 30 percent above the then-current California minimum wage. (*See* Section IV.B.1, *supra*.) During Plaintiff's final year of employment, she earned a base wage rate of $54.71, and Plaintiff's base wage rate under the CBA in 2019 was $53.12. *Id.*

Accordingly, the Section 514 overtime exemption, which has been construed and applied broadly by state and federal courts, clearly applies here. S*ee Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014) (where Section 514's requirements are met, an employer is only required to pay for overtime as defined by the collective bargaining agreement and Section 510 simply does not apply); *Curtis*, 913 F.3d at 1154-55 ("While section 510 establishes a default definition of overtime applicable to non-unionized employees, unionized employees 'have sought and received alternative wage protections through the collective bargaining process'") (*citing Vranish*; *quoting Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000)).

Where, as here, the Section 514 exemption applies to a union-represented plaintiff, the "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *accord, e.g., Giles*, *supra,* 2022 WL 3370793, *4; *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, 2022 U.S. Dist. LEXIS 42113, *11 (C.D. Cal. Mar. 8, 2022); *Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, *4 (N.D. Cal. Jan. 18, 2022) (*citing Curtis*, 913 F.3d at 1153-55); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203-04 (C.D. Cal. 2015) (same).

### C. Plaintiff's Third Cause Of Action (Meal Breaks) Is Preempted Under *Curtis* Step One.

Plaintiff's Third Cause of Action alleges the failure to provide meal breaks under California law. However, Plaintiff has no valid state law meal break claim because the Labor Code Section

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

10                              DEFENDANT'S NOTICE OF REMOVAL OF ACTION

512(e) exemption applies.  As is relevant here, the Section 512(e) exemption applies because Plaintiff:

(i) was employed by an electrical and gas corporation (*see* Labor Code Section 512(f)(4)); and

(ii) was covered by a CBA that

(a) expressly provides for a range of wages, hours and working conditions (*see* Sections IV.B.1, IV.B.2, *supra*),

(b) expressly provides for meal periods (*see* Section IV.B.2, *supra*)

(c) provides final and binding arbitration of disputes concerning the CBA's meal period provisions (*see* Section IV.B.3, *supra*),

(d) provides premium wage rates for all overtime hours worked (*see* Section IV.B.1, *supra*); and

(e) provides a regular hourly rate of pay in excess of 30 above the California state minimum wage (*see* Section IV.B.1, *supra*).

The meal break CBA exemption in Labor Code Section 512(e) has, like the Section 514 exemption, been construed broadly by the courts.  In the seminal case, *Araquistain v. Pacific Gas & Electric Co.*, 229 Cal. App. 4th 227, 230, 237-38 (2014), the Court of Appeal (affirming the superior court's order), held that the Section 512(e) exemption was met where the underlying CBA (the very same CBA that applies to Plaintiff here) simply provided that "shift employees and other employees whose workday consists of eight consecutive hours shall be permitted to eat their meals during work hours and shall not be allowed additional time therefore at Company expense" (i.e., even where the CBA did not provide a precise duration or timing for meal periods).[2]  Where the Section 512(e) exemption is met, the exempted-from state law provision (in this case, meal periods), "as a whole," does not apply.  *Id.* at 236.

Further, where, as here, the Section 512(e) exemption applies, a pleaded state law meal period claim is preempted by Section 301.  *See Rodriguez, Inc.*, *supra* , 2022 WL 161892, *4 (*citing Curtis*, 913 F.3d at 1155-56); *accord Giles*, *supra*, 2022 WL 3370793, *4-5; *Coria v. Recology,*

---

[2] 4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

11

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

*Inc.*, 63 F. Supp. 3d 1093, 1098 (N.D. Cal. 2014) ("So if Section 512(e) applies, then 512(a) does *not* apply, and plaintiff's claimed right to meal periods cannot be said to be based on state law.") (emphasis in original).

      **D.**    **Plaintiff's First Cause Of Action (Minimum Wages) Is Preempted Under *Curtis* Step One.**

Plaintiff's First Cause of Action is preempted because the claim arises out of Plaintiff's preempted overtime claim. Even if it were not preempted, the Court would have supplemental jurisdiction over this claim.

Plaintiff alleges that "she and the Class Members were not compensated for all time worked as Defendants would regularly suffer and permit Plaintiff and Class Members to work off the clock, but Plaintiff and Class Members were not compensated for hours worked off the clock. For example, Plaintiff and Class Members were not compensated for hours worked off the clock by, among other things, management unilaterally reducing employees' reported hours worked. As a result, Defendant failed to pay Plaintiff and the Class Members for all hours worked at a rate no less than the applicable minimum or overtime wage." (Compl., ¶ 29.) Plaintiff does not allege that she ever worked or was scheduled for a day as to which overtime obligations would not attach *if* Plaintiff had worked more time than that for which she was paid (*e.g.*, Plaintiff does not allege that she ever worked less than 8 hours in a day). In all respects, Plaintiff mixes together the alleged factual bases for the minimum wage and overtime claims, without differentiation. (Compl., *passim*.)

Collectively, the claims in Paragraphs 29, 30, 34(a), and 36-41 of the Complaint, and the lack of any additional supporting detail in the First Cause of Action, make it clear that Plaintiff's so-called "minimum wage" claim is inseparable from Plaintiff's overtime claim. Plaintiff's First Cause of Action, lacking any independent life is preempted for the same reason as Plaintiff's overtime claim. *See Chavez v. Smurfit Kappa N. Am. LLC,* 2018 WL 8642837, *4 (C.D. Cal Oct 17, 2018) (holding that a minimum wage claim, that could only arise out of plaintiff's preempted overtime claim, was also preempted under section 301); *and see also Rodriguez*, *supra*, 2022 WL 161892, *6 ("because the claim for unpaid minimum wages substantially depends on an analysis

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

of the CBA, the LMRA preempts the claim."); *Giles*, *supra*, 2022 WL 3370793, *6; *Mellon*, *supra*, 2022 WL 4021692, *5.

In any event, if the Court finds that any portion of Plaintiff's First Cause of Action is not preempted, the Court has supplemental jurisdiction because any non-preempted claims form part of the same case or controversy as the preempted claims. *See Gay v. Pac Steel Grp*, 2021 WL 2917095, *3 (N.D. Cal Jun. 15, 2021) (finding supplemental jurisdiction for minimum wages, unpaid wages, non-compliant wage statements, and other claims when overtime, meal period, and rest period claims were preempted).

E. **Plaintiff's Derivative Waiting Time Penalty And UCL Claims (Fifth And Sixth Causes Of Action) Are Preempted Under *Curtis* Step One.**

Plaintiff's Fifth Cause of Action (waiting time penalties under Labor Code Sections 201-203), and Sixth Cause of Action (restitution under UCL) are all, in whole or in part, derivative of Plaintiff's claims that are preempted under Section 301 for the reasons described above. (Compl., ¶¶ 49, 51 [all derivative claims are based without differentiation, on all allegations in Paragraphs 1-12 of the Complaint].)

Both derivative claims are preempted under Section 301 for this reason. *Giles*, *supra*, 2022 WL 3370793, *6-7; *Rodriguez*, *supra*, 2022 WL 161892, *6; *Mellon*, *supra*, 2022 WL 4021692, *5; *Jimenez v. Young's Mkt. Co.*, 2021 WL 5999082, *13 (N.D. Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, *4 (C.D. Cal. Jun. 7, 2019).

Notably, Plaintiff's Sixth Cause of Action would be preempted under Section 301 in any event, under Step Two of the *Curtis* analysis, because this claim requires the interpretation and application of detailed provisions regarding the timely payment of wages, payment of overtime, and provision of meal periods in Sections 202.4, 204.1, 208.1, and 208.2 of the CBA. *See Curtis*, 913 F.3d at 1153. But the Step Two analysis is unnecessary where, as here, preemption under Step One is so clear.

F. **The Court Has Supplemental Jurisdiction Over Plaintiff's Fourth Cause Of Action (Rest Breaks).**

The Court has supplemental jurisdiction over Plaintiff's Fourth Cause of Action (rest breaks) because Plaintiff's rest break claims form part of the same case or controversy as the

4853-7949-9609.1 / 101443-1152

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

13    DEFENDANT'S NOTICE OF REMOVAL OF ACTION

preempted claims. *Giles*, *supra,* 2022 WL 3370793, *6 (court exercised supplemental jurisdiction over *non*-preempted rest break claim by non-construction industry plaintiff, where overtime, meal break and minimum wage claims were preempted by Section 301); *Jimenez, supra,* 2021 WL 5999082, at *21 (exercising supplement jurisdiction because the plaintiffs' remaining claims of minimum wage, rest period, and unpaid wages "arose from the same working conditions and relationship" with the defendants during the same period as the plaintiffs' overtime and meal period claims).

## VI. CONCLUSION

For the reasons provided herein, Defendant hereby removes this action from the California Superior Court, in and for the County of San Francisco, to the United States District Court, Northern District of California. Defendant requests that this Court retain jurisdiction for all further proceedings.

Dated: March 29, 2023

LITTLER MENDELSON, P.C.

 */s/  Heather Lanyi*
Joshua D. Kienitz
Heather Lanyi
Harman S. Deol

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4853-7949-9609.1 / 101443-1152

14

DEFENDANT'S NOTICE OF REMOVAL OF ACTION